IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TERRELL R. JOHNSON, | ) | |
| | ) | |
| Petitioner,[1] | ) | |
| | ) | |
| v. | ) | CV 114-148 |
| | ) | (Formerly CR 112-129) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the Federal Correctional Complex in Coleman, Florida, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

I. **BACKGROUND**

On April 3, 2012, Petitioner was indicted for one count of conspiracy to commit robbery of a commercial business in violation of 18 U.S.C. §1951, one count of conspiracy to use and carry a firearm during crimes of violence in violation of 18 U.S.C.

---

[1]The **CLERK** is **DIRECTED** to modify the docket to reflect that Petitioner's middle initial is "R," in conformity with the § 2255 motion. (Doc. no. 1, p. 1.)

§ 924(o), four counts of robbery of a commercial business in violation of 18 U.S.C. § 1951, four counts of carrying, using, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and four counts of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. U.S. v. Johnson, CR 112-129, doc. no. 1 (S.D. Ga. Apr. 3, 2012) (hereinafter "CR 112-129"). On September 21, 2012, Petitioner, represented by attorney Pete Theodocion, pled guilty to one count of conspiracy to commit robbery of a commercial business in violation of 18 U.S.C. §1951, one count of robbery of a commercial business in violation of § 1951, and one count of using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (Id., doc. nos. 77-79.) In exchange for Petitioner pleading guilty to the other counts, the government agreed to drop the remaining counts. (Id., doc. no. 79, pp. 1-3.) By pleading guilty, Petitioner admitted the factual basis for his convictions. (Id. at 8-9.) Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> [T]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

(Id. at 5-6.)

On April 18, 2013, United States District Judge J. Randal Hall sentenced Petitioner to a total of 184 months of imprisonment, $300.00 in special assessments,

restitution of $1,295.00, and five years of supervised release. (Id., doc. no. 96.) Judge Hall thereafter entered Petitioner's judgment and conviction on April 19, 2013. (Id., doc. no. 100.) Petitioner did not appeal his convictions or sentence in accordance with the appeal waiver in his plea agreement. (Id., doc. no. 79, pp. 5-6.)

However, despite the waiver, Petitioner filed the instant motion, signed by him on June 20, 2014 and filed by the Clerk of the Court on June 30, 2014. (Doc. no. 1, p. 13.) Petitioner acknowledges he filed this motion more than one year after his convictions were final, but contends that he is entitled to file this petition for three reasons. First, mischaracterizing the Supreme Court's recent decision in Descamps v. United States, 133 S. Ct. 2276 (2013),[2] Petitioner asserts his sentence was improperly enhanced for a prior conviction under 18 U.S.C. § 924(c). (Doc. no. 2, p. 3.) Second, he is actually innocent of the charge of carrying, using, and brandishing a firm arm during a crime of violence in violation of § 924(c) because purportedly no evidence of the crime was found at the residence in which the police arrested him. (Id. at 4-5.) Third, he is actually innocent of violating § 924(c) because the police did not have a valid search warrant for, or permission to enter, the residence in which the police arrested him. (Id.) In his request for relief, Petitioner asks that the Court run his sentence under § 924(c) concurrently to his other sentences. (Doc. no. 1, p. 13.)

Even if the Court were to assume, for the sake of argument, that the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255

---

[2]In Descamps, the Supreme Court clarified how courts must evaluate whether a prior felony constitutes a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). See Descamps, 133 S. Ct. at 2281-82.

3

motion is barred as untimely and his arguments for a later statute of limitations are without merit.

## II.   DISCUSSION

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment and conviction was entered on April 19, 2013, and as no direct appeal was filed, his conviction and sentence became final fourteen days later. See Fed. R. App. P. 4(b)(1); Akins v. U.S., 204 F.3d 1086, 1089 (11th Cir. 2000). Thus, the instant petition, filed over a year later, is untimely. However, relying on a mischaracterization, Petitioner asserts that the Supreme Court's new announcement concerning § 924(c) in Descamps, and his purported innocence of the charge of carrying, using, and brandishing a firm arm during a crime of violence in violation of § 924(c), qualify him for a later statute of limitations than that enumerated in

4

§ 2255(f)(1). (Doc. nos. 1, 2.) The Court disagrees.

Petitioner is not entitled, under § 2255(f)(3), to have the statute of limitations for filing a § 2255 petition run from the date Descamps was decided. Descamps does not apply to Petitioner because he was not sentenced under the ACCA.[3] Indeed, the Presentence Investigation Report ("PSI") prepared by the United States Probation Office reflects that Petitioner was not sentenced under the ACCA, but instead under § 924(c) for carrying, using, and brandishing a firearm during a crime of violence. (See PSI ¶ 64.) Despite Petitioner's assertion otherwise, in Descamps the Supreme Court made no mention of § 924(c). Thus, Petitioner is not entitled to a later start date under § 2255(f)(1).

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is

---

[3]Multiple courts within the Eleventh Circuit have refused to apply Descamps on collateral review. Murphy v. U.S., No. 2:13-CV-08051, 2014 WL 1388403, at *5 (N.D. Ala. Apr. 9, 2014) (collecting cases); Strickland v. English, No. 5:13-cv-248, 2013 WL 4502302, at *8 (N.D. Fla. Aug. 22, 2013). The Court need not reach the issue of whether Descamps should apply retroactively in all cases on collateral review because its holding does not apply to Petitioner.

typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006).

Consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1985)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Rozzelle v. Sec'y, Florida Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citing Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)). In addition, to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Id. at 1017.

Here, Petitioner makes two arguments as to why a fundamental miscarriage of justice has occurred. (See doc. nos. 1, 2.) First, Petitioner asserts he is actually innocent of the charge of carrying, using, and brandishing a firearm during a crime of violence in violation of § 924(c) because purportedly no evidence of the crime was found at the

residence in which the police arrested him. (Id. at 4-5.)  Second, he is actually innocent of § 924(c) because the police did not have a valid search warrant for, or permission to enter, the residence in which the police arrested him. (Id.)

Neither of these arguments satisfies the actual innocence exception. Petitioner cannot show that this was reliable evidence not presented at trial. Petitioner presents no new evidence, let alone new reliable evidence, to support his claim of actual innocence. Indeed, Petitioner knew at the time of his guilty plea that purportedly none of the evidence of the crimes was found in the residence he was arrested in, but instead at his co-defendant's residence. Moreover, despite his conclusory assertions of "actual innocence," Petitioner admitted the factual basis for his convictions. (Id., doc. no. 79, p. 8-9.)[4]

Despite Petitioner's request to run his sentence under § 924(c) concurrent because he is "innocent" of his sentence, § 924(c)(1)(D)(ii) expressly requires the sentence to be served consecutively to any other term. See also PSI ¶ 64. Therefore, neither equitable tolling nor the actual innocence exception saves the instant motion from being time-barred under AEDPA.

In sum, Petitioner's arguments for a later statute of limitations are without merit and the instant motion should therefore be **DISMISSED** as untimely. See Rule 4(b) of the Rules Governing Section 2255 Proceedings.

---

[4]Furthermore, as to the alleged defect in the search warrant, Petitioner does not challenge his guilty plea and a voluntary, unconditional guilty plea generally waives all nonjurisdictional defects in the proceedings. See U.S. v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003).

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations, and thus **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of August, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA